Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Spin Master Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD., <br><br> *Plaintiff* <br><br> v. <br><br> WWW.SPINMASTERSHOP.COM, <br><br> *Defendant* | CIVIL CASE NO.: 24-cv-7816 <br><br> **[PROPOSED]** <br> **1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING DEFENDANT'S INFRINGING WEBSITE AND DEFENDANT'S ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY** <br><br> **FILED UNDER SEAL** |

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Spin Master** | Spin Master Ltd. |
| **Defendant** | www.spinmastershop.com |
| **Cloudflare** | Cloudflare, Inc., with an address of 101 Townsend Street, San Francisco, California 94107, and any and all affiliated companies, which operate a cloud-based web infrastructure platform, available at www.cloudflare.com, that enables capabilities to host static websites on a content delivery network |
| **Cosmotown** | Cosmotown, Inc., with an address of 1040 Noel Drive, Suite 100C, Menlo Park, California 94025, and any and all affiliated companies, which operates an ICANN accredited domain name registrar and web hosting company, available at www.cosmotown.com, that allows consumers to register domain names and create websites |
| **Shopify** | Shopify Inc., a Canadian company with an address of 150 Elgin Street, 8th Floor, Ottawa, ON K2P 1L4, Canada, and any and all affiliated companies, which operate a cloud-based e-commerce platform, available at www.shopify.com, that enables users to create online stores, manage their businesses, among other things |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendant's Infringing Website (as defined *infra*) and Defendant's Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Kanabar Dec.** | Declaration of Sachin Kanabar in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Spin Master Mark** | The mark covered by the U.S. Trademark Registration No. 3,882,310 for "SPIN MASTER" for goods and services in classes 9, 16, 20, 28 and 35 |
| **Plaintiff's Services** | Online retail services offered under the Spin Master Mark on the Spin Master Website |
| **Spin Master Products** | Well-known innovative children's lifestyle products and toys, including but not limited to, Kinetic Sand, Rubik's Cube, Swimways, Paw Patrol, Tech Deck and Rubble & |

| | |
|---|---|
| | Crew, as well as under its licensed properties, such as Gabby's Dollhouse |
| **Spin Master Website** | https://shop.spinmaster.com/ |
| **Defendant's Products** | Products sold and/or offered for sale on Defendant's Infringing Website (as defined *infra*) that bear trademarks other than the Spin Master Mark, including, without limitation, a DeWalt branded drill, a Delta branded faucet, an Eddie Bauer branded jacket and Diesel branded jeans |
| **Defendant's Infringing Website** | Any and all fully interactive websites held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant, that it operates to communicate with consumers regarding its Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendant's Infringing Website located at www.spinmastershop.com, along with the domain names associated therewith |
| **Infringing Domain Name** | www.spinmastershop.com |
| **Defendant's Assets** | Any and all money, securities or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) |
| **Defendant's Financial Accounts** | Any and all financial accounts associated with or utilized by Defendant or Defendant's Infringing Website (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), Stripe Payments Canada, Ltd. ("Stripe"), Visa Inc. ("Visa"), American Express Company ("American Express"), Mastercard Inc. ("Mastercard"), Discover Financial Services, Inc. ("Discover"), Google LLC payment services (e.g. Google Pay), Apple Inc. payment services (e.g. Apple Pay), JPMorgan Chase Bank, NA ("Chase"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions Inc. ("PingPong"), Airwallex (Hong Kong) Limited ("Airwallex HK"), Airwallex (UK) Limited, Worldpay (HK) Limited ("Worldpay"), World First UK Ltd. ("World First"), Bank of China ("BOC"), Citibank N.A. ("Citibank") and Green Dot Bank and/or any entities affiliated with those listed herein holding Defendant's Assets |
| **Third Party Service Providers** | Any third party providing services in connection with Defendant's Infringing Website, including, without limitation, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, website hosts, such as Cloudflare, Inc. ("Cloudflare"), |

| | Cosmotown, Inc. ("Cosmotown"), Shopify Inc. ("Shopify") and/or domain name registrars |
| --- | --- |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Defendant's Infringing Website and Defendant's Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery against Defendant, Third Party Service Providers and Financial Institutions in light of Defendant's intentional and willful offerings counterfeiting and infringement of the Spin Master Mark.[1] Having reviewed the Application, Declarations of Sachin Kanabar and Gabriela N. Nastasi, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

### PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

*Plaintiff's allegations are assumed to be true solely for the purpose of adjudicating its request for this Order.*

1.      Plaintiff is part of a large, multinational toy and entertainment company started in 1994 that designs and sells innovative children's lifestyle products and toys under its own well-known house brand, Spin Master ("Spin Master Brand") and popular sub brands, including but not limited to, Kinetic Sand, Rubik's Cube, Swimways, Paw Patrol, Tech Deck and Rubble & Crew, as well as under its licensed properties, such as Gabby's Dollhouse..

2.      Plaintiff sells its Spin Master Products throughout the U.S. and the world through major retailers, quality toy stores, department stores and online marketplaces, including, but not limited to, Walmart, Target, Kohl's and Amazon.

3.      Plaintiff also advertises, offers for sale and/or sells the Spin Master Products, and offers Plaintiff's Services via the Spin Master Website among other channels of trade.

4.      While Plaintiff has gained significant common law trademark and other rights in the

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

Spin Master Brand, Spin Master Mark and Spin Master Products through its use, advertising, and promotion, Plaintiff has also protected its valuable trademark rights by obtaining federal trademark registrations.

5.      For example, Plaintiff is the owners of the Spin Master Mark, including the U.S. Trademark Registrations included in Exhibit B to the Complaint.

6.      in use in commerce in connection with the Spin Master Products, the Spin Master Website and Plaintiff's Services, and was first used in commerce on or before the date of first use as reflected on the trademark registration certificate for the Spin Master Mark included in Exhibit B to the Complaint.

7.      Defendant is using the Spin Master Mark, or spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Spin Master Mark, prominently on or in connection with Defendant's Infringing Website, including in the Infringing Domain Name, and/or via Defendant's retail and online ordering services ("Defendant's Services") which are available to U.S. consumers, including those in the state of New York..

8.      Defendant has not only used the Spin Master Mark repeatedly and prominently throughout Defendant's Infringing Website and in connection with Defendant's Services, but has also used Plaintiff's own images of Spin Master Products, which upon information and belief, Defendant sourced from the Spin Master Website, and has deliberately intended to mimic or resemble the Spin Master Website through, among other things, its use of the Spin Master Mark in the Infringing Domain Name, same color scheme and repeated prominent use of the stylized Spin Master Mark on the homepage along with other pages on Defendant's Infringing Website, links to Spin Master's authentic social media pages, checkout page and more in an obvious attempt to mislead consumers into believing that Defendant's Infringing Website emanates from, is

licensed by, or otherwise affiliated with, Plaintiff.

9.      Defendant is not, and has never been, authorized by Plaintiff or authorized distributors to use the Spin Master Mark, or any marks that are confusingly similar to the Spin Master Mark or to sell the Spin Master Products or to operate Defendant's Infringing Website located at the Infringing Domain Name.

10.     Plaintiff is likely to prevail on its Lanham Act and Anti-cybersquatting Consumer Protection Act claims at trial.

11.     As a result of Defendant's counterfeiting and infringements of the Spin Master Mark, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendant can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

  a. Defendant has offered Defendants' Services in connection with the Spin Master Mark and/or spurious designations that are identical with, or substantially indistinguishable from, the Spin Master Mark ;

  b. ~~Plaintiff has well-founded fears that~~ consumers may be misled, confused and disappointed by the quality of Defendants' Services, thereby resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales of its Spin Master Products; and

  c. ~~Plaintiff has well-founded fears that if I proceed on notice to Defendant on this Application,~~ If Plaintiff proceeds on notice to Defendants on this Application, Defendant ~~will~~ may transfer, conceal and/or destroy any computer files, data, business records, documents or any other records or evidence relating to Defendant's Infringing Website, Defendant's Assets moving from or to Defendant's Financial Accounts, and/or any use of the Spin Master Mark in connection with

Defendant's manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Defendant's Products, the means of connecting Defendant's Infringing Website to the Spin Master Website, and any and all other evidence relating to its infringing activities and/or change the host of Defendant's Infringing Website and/or create new websites under new or different names and continue counterfeit and/or infringe the Spin Master Mark with little to no consequence.

12.     The balance of potential harm to Defendant of being prevented from continuing to profit from its illegal counterfeiting and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Spin Master Mark and to its reputation if a temporary restraining order is not issued.

13.     Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Spin Master Mark and to protect the public from being deceived and defrauded by Defendants' passing off of their Defendant's Products as being offered, authorized, endorsed and/or sponsored by Plaintiff, and Defendants' Services as those of Plaintiff.

14.     Plaintiff has not publicized its request for a temporary restraining order in any way.

15.     Service on Defendant via alternative means is reasonably calculated to result in proper notice to Defendant.

16.     If Defendant is given notice of the Application, it is likely to secret, conceal, transfer or otherwise dispose of its ill-gotten proceeds from its use, infringement, and counterfeiting of the Spin Master Mark. Therefore, good cause exists for granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service

of the Order to locate, attach and freeze Defendant's Assets and/or Defendant's Financial Accounts. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) through I(B)(2) and I(C)(1) through I(C)(2) of this Order, respectively, before requiring service on Defendant.

17.     Similarly, if Defendant is given notice of the Application, it is likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendant's Infringing Website. Therefore, Plaintiff has good cause to be granted expedited discovery.

## **ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

## I.     Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendant is hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1.  directly or indirectly infringing in any manner Plaintiff's Spin Master Mark;

2.  using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Spin Master Mark to identify any goods or services not authorized by Plaintiff;

3.  using Plaintiff's Spin Master Mark, or any other marks that are confusingly similar to the Spin Master Mark, on or in connection with Defendant's business, Defendant's Infringing Website or any other website owned by Defendant, Defendant's Services and/or Defendant's manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, sale and/or otherwise dealing in

Defendant's Products;

4. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant and Defendant's commercial activities by Plaintiff;

5. engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein;

6. engaging in any other actions that constitute unfair competition with Plaintiff;

7. engaging in any other act in derogation of Plaintiff's rights;

8. from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendant's Infringing Website, Defendant's Assets moving from or to Defendant's Financial Accounts, and/or any use of the Spin Master Mark in connection with Defendant's manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Defendant's Products;

9. from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendant's Assets from or to Defendant's Financial Accounts until further ordered by this Court;

6

10. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any final judgment or order in this action;

11. linking, selling and/or operating Defendant's Infringing Website;

12. registering, trafficking in or using any domain names that incorporate any of Plaintiff's Spin Master Mark, or any colorable imitation thereof, including the Infringing Domain Name; and

13. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(12) above and I(B)(1) through I(C)(1) through I(C)(2) below

B.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order, including Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendant's Assets from or to Defendant's Financial Accounts until further ordered by this Court.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that immediately upon receipt of service of this Order, Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1) providing services to Defendant, including, without limitation, those relating to the continued operation of Defendant's Infringing Website;

2) permitting the transfer, sale and/or assignment of Defendant's Infringing Website; and

3) instructing, aiding, or abetting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(12), I(B)(1) and I(C)(1) through I(C)(2) above.

## II.    Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendant is hereby ORDERED to show cause before this Court in Courtroom  20B  of the United States District Court for the Southern District of New York at 500 Pearl Street/40 Foley Square, New York, New York on  October 30 , 2024 at  11:30  a.m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 1250, New York, NY 10165, Attn: Jason M. Drangel on or before  October 22 , 2024. Plaintiff shall file any Reply papers on or before  October 28 , 2024.

C.  IT IS FURTHER ORDERED that Defendant is hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### III.    <u>Asset Restraining Order</u>

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendant's Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

### IV.    <u>Order Authorizing Bifurcated and Alternative Service by Electronic Means</u>

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendant if it is completed by the following means:

1) delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendant's e-mail address, newsletters@email.spinmaster.com.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service ordered herein shall be deemed effective as to Defendant, Third Party Service Providers and Financial Institutions through the pendency of this action.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(B)-(C)** of this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

2) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Cloudflare, Inc. will be able to download a PDF copy of this Order via electronic mail to abuse@cloudflare.com;

3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Cosmotown

will be able to download a PDF copy of this Order via electronic mail to abuse@cosmotown.com;

4) delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail to US_IPR_TRO_Requests@alipay.com;

5) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Stripe Payments Canada, Ltd. will be able to download a PDF copy of this Order via electronic mail to notices@stripe.com;

6) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Visa Inc. will be able to download a PDF copy of this Order via electronic mail to businessconduct@visa.com;

7) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where American Express Company will be able to download a PDF copy of this Order via electronic mail to amexsru@aexp.com;

8) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Mastercard Inc. will be able to download a PDF copy of this Order via electronic mail to ipinquiries@mastercard.com;

9) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Discover Financial Services, Inc. will be able to download a PDF copy of this Order via electronic mail to civilsubpoena@discover.com.

10) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Apple, Inc. will be able to download a PDF copy of this Order via electronic mail to lawenforcement@apple.com;

11) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Google LLC will be able to download a PDF copy of this Order via electronic mail to google-legal-support@google.com;

12) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where JPMorgan Chase Bank, NA will be able to download a PDF copy of this Order via electronic mail to kristina.r.hall@jpmchase.com;

13) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

14) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com;

15) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Airwallex (Hong Kong) Limited and Airwallex (UK) Limited will be able to download a PDF copy of this Order via electronic mail to kking@maglaw.com;

16) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Worldpay (HK) Limited will be able to download a PDF copy of this Order via electronic mail to support@worldpay.com;

17) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where World First UK Ltd. will be able to download a PDF copy of this Order via electronic mail to complaints@worldfirst.com;

18) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Bank of China will be able to download a PDF copy of this Order via electronic mail to

service.at@bankofchina.com;

19) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Citibank N.A. will be able to download a PDF copy of this Order via electronic mail to alyssa.mitchell@citi.com, renae.a.rodriguez@citi.com and lsi@citi.com; and

20) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Green Dot Bank will be able to download a PDF copy of this Order via electronic mail to IR@greendot.com.

### V.    <u>Order Authorizing Expedited Discovery</u>

A.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days after receiving service of this Order, Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

    a.  its true name and physical address;

    b.  the name and location and URL of any and all websites that Defendant owns and/or operates;

    c.  the complete sales records for any and all sales of Defendant's Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof and any a full accounting of any and all other profits made through the operation of Defendant's Infringing Website;

    d.  the account details for any and all of Defendant's Financial Accounts, including, but not limited to, the account numbers and current account balances; and

    e.  the steps taken by Defendant, or other persons served to comply with **Section I**, above.

2)  Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and

Eastern Districts of New York and Defendant shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3) Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendant, if served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions served with this Order shall identify any and all of Defendant's Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendant, including contact information for Defendant (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendant's Financial Accounts and confirmation of said compliance with this Order.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall identify any and all of Defendant's website(s), including, without limitation, Defendant's Infringing Website, and provide Plaintiff's counsel with a summary report, which shall include, at a minimum, identifying information for Defendant's website(s), (i.e. URLs), including, without limitation, Defendant's Infringing Website, contact information for Defendant (including but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendant's Financial Accounts, including, but not limited to, documents and records relating to:

    a. account numbers;

    b. current account balances;

    c. any and all identifying information for Defendant and/or Defendant's website(s), including, without limitation, Defendant's Infringing Website, including, but not limited to, names, addresses and contact information;

    d. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendant's Financial Accounts;

    e. any and all deposits and withdrawals during the previous year from each and every one of Defendant's Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    f. any and all wire transfers into each and every one of Defendant's Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendant's Infringing Website, including, but not limited to, documents and records relating to:

    a. account details, including, without limitation, identifying information and URLs for any and all accounts or websites that Defendant has ever had and/or currently maintains with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

    b. the identities, location and contact information, including any and all e-mail addresses of Defendant that were not previously provided pursuant to Paragraph V(C);

    c. the nature of Defendant's business(es) and operation(s), methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendant's Infringing Website, a full accounting of Defendant's sales history and listing history under such accounts and Defendant's Financial Accounts with any and all Financial Institutions associated with Defendant's Infringing Website; and

    d. Defendant's use of the Spin Master Mark and/or marks that are confusingly similar to, identical to and constitute an infringement of the Spin Master Mark.

## VI.    Security Bond

A. IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of  five thousand Dollars ( $5,000     ) with the Court which amount is determined adequate for the payment

of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

### VII.    Sealing Order

A.  IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of Sachin Kanabar and Gabriela N. Nastasi in support thereof and exhibits attached thereto and this Order shall remain sealed until further order.

**SO ORDERED.**

SIGNED this 16th  day of  October_____, 2024, at  12:30   p .m.

_____
HON. JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE