Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Spin Master Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD., | CIVIL ACTION NO. |
| | **24-cv-7816 (JLR)** |
| *Plaintiff* | |
| | |
| v. | |
| | **[PROPOSED]** |
| WWW.SPINMASTERSHOP.COM, | **FINAL DEFAULT JUDGMENT** |
| | **AND PERMANENT INJUNCTION** |
| *Defendant* | **ORDER** |

## GLOSSARY

| Term | Definition | Docket Entry Number |
|------|-----------|---------------------|
| **Plaintiff or Spin Master** | Spin Master Ltd. | N/A |
| **Defendant or Defaulting Defendant** | www.spinmastershop.com | N/A |
| **Cloudflare** | Cloudflare, Inc., with an address of 101 Townsend Street, San Francisco, California 94107, and any and all affiliated companies, which operate a cloud-based web infrastructure platform, available at www.cloudflare.com, that enables capabilities to host static websites on a content delivery network | N/A |
| **Cosmotown** | Cosmotown, Inc., with an address of 1040 Noel Drive, Suite 100C, Menlo Park, California 94025, and any and all affiliated companies, which operates an ICANN accredited domain name registrar and web hosting company, available at www.cosmotown.com, that allows consumers to register domain names and create websites | N/A |
| **Shopify** | Shopify Inc., a Canadian company with an address of 150 Elgin Street, 8th Floor, Ottawa, ON K2P 1L4, Canada, and any and all affiliated companies, which operate a cloud-based e-commerce platform, available at www.shopify.com, that enables users to create online stores, manage their businesses, among other things | N/A |
| **Sealing Order** | Order to Seal File entered on October 9, 2024 | 1 |
| **Complaint** | Plaintiff's Complaint filed on October 15, 2024 | 9 |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendant's Infringing Website (as defined *infra*) and Defendant's Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery | 13-16 |
| **Kanabar Dec.** | Declaration of Sachin Kanabar in Support of Plaintiff's Application | 16 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 15 |

| TRO | 1) Temporary Restraining Order; 2) Order Restraining Defendant's Infringing Website and Defendant's Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on October 16, 2024 | 17 |
|---|---|---|
| PI Show Cause Hearing | November 14, 2024 hearing to show cause why a preliminary injunction should not issue | N/A |
| PI Order | November 14, 2024 Preliminary Injunction Order | 19 |
| Spin Master Mark | The mark covered by the U.S. Trademark Registration No. 3,882,310 for "SPIN MASTER" for goods and services in classes 9, 16, 20, 28 and 35 | N/A |
| Plaintiff's Services | Online retail services offered under the Spin Master Mark on the Spin Master Website | N/A |
| Spin Master Products | Well-known innovative children's lifestyle products and toys, including but not limited to, Kinetic Sand, Rubik's Cube, Swimways, Paw Patrol, Tech Deck and Rubble & Crew, as well as under its licensed properties, such as Gabby's Dollhouse | N/A |
| Spin Master Website | https://shop.spinmaster.com/ | N/A |
| Defendant's Products | Products sold and/or offered for sale on Defendant's Infringing Website (as defined *infra*) that bear trademarks other than the Spin Master Mark, including, without limitation, a DeWalt branded drill, a Delta branded faucet, an Eddie Bauer branded jacket and Diesel branded jeans | N/A |
| Defendant's Infringing Website | Any and all fully interactive websites held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant, that it operates to communicate with consumers regarding its Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendant's Infringing Website located at www.spinmastershop.com, along with the domain names associated therewith | N/A |
| Infringing Domain Name | www.spinmastershop.com | N/A |

| Defendant's Assets | Any and all money, securities or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) | N/A |
|---|---|---|
| Defendant's Financial Accounts | Any and all financial accounts associated with or utilized by Defendant or Defendant's Infringing Website (whether said accounts are located in the U.S. or abroad) | N/A |
| Financial Institutions | PayPal Inc. ("PayPal"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), Stripe Payments Canada, Ltd. ("Stripe"), Visa Inc. ("Visa"), American Express Company ("American Express"), Mastercard Inc. ("Mastercard"), Discover Financial Services, Inc. ("Discover"), Google LLC payment services (e.g. Google Pay), Apple Inc. payment services (e.g. Apple Pay), JPMorgan Chase Bank, NA ("Chase"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions Inc. ("PingPong"), Airwallex (Hong Kong) Limited ("Airwallex HK"), Airwallex (UK) Limited, Worldpay (HK) Limited ("Worldpay"), World First UK Ltd. ("World First"), Bank of China ("BOC"), Citibank N.A. ("Citibank") and Green Dot Bank and/or any entities affiliated with those listed herein holding Defendant's Assets | N/A |
| Third Party Service Providers | Any third party providing services in connection with Defendant's Infringing Website, including, without limitation, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, website hosts, such as Cloudflare, Inc. ("Cloudflare"), Cosmotown, Inc. ("Cosmotown"), Shopify Inc. ("Shopify") and/or domain name registrars | N/A |
| Defaulting Defendant's Frozen Assets | Defaulting Defendant's Assets from Defaulting Defendant's Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| Plaintiff's Motion for Default Judgment | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant filed on February 28, 2025 | TBD |
| Nastasi Aff. | Affidavit of Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendant for Defaulting Defendant's trademark counterfeiting, trademark infringement, false designation of origin, passing off and unfair competition and cybersquatting in violation of the Anticybersquatting Consumer Protection Act arising from Defaulting Defendant's willful counterfeiting and infringement of the Spin Master Mark.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.  Defendant's Liability

1) ORDERED, ADJUDGED AND DECREED that judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendant in the Complaint;

## II.  Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded statutory damages in the amount of $200,000.00 against

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

Defaulting Defendant, pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III.    <u>Permanent Injunction</u>

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its respective officers, agents, servants, employees, and all persons acting in concert and participation with or under the direction of Defaulting Defendant (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A.  directly or indirectly infringing in any manner Plaintiff's Spin Master Mark;

   B.  using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Spin Master Mark to identify any goods or services not authorized by Plaintiff;

   C.  using Plaintiff's Sp5der Marks and/or any other marks that are confusingly similar to the Spin Master Mark on or in connection with Defaulting Defendant's business, Defendant's Infringing Website or any other website owned by Defendant, Defendant's Services and/or Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in the Defendant's Products;

   D.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported,

2

advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendant and Defaulting Defendant's commercial activities and Plaintiff;

E. engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein;

F. engaging in any other actions that constitute unfair competition with Plaintiff;

G. engaging in any other act in derogation of Plaintiff's rights;

H. from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendant's Infringing Website, Defendant's Assets moving from or to Defendant's Financial Accounts, and/or any use of the Spin Master Mark in connection with Defendant's manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Defendant's Products;

I. from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendant's Assets from or to Defendant's Financial Accounts until further ordered by this Court;

J. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

K. linking, transferring, selling and/or operating Defendant's Infringing Website;

L. registering, trafficking in or using any domain names that incorporate any of Plaintiff's Spin Master Mark, or any colorable imitation thereof, including the Infringing Domain Name; and

M. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs III(1)(A) through III(1)(L) above and III(3)(A) and III(4)(A) through III(4)(B) below.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendant must deliver up for destruction to Plaintiff any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendant that infringe any of Plaintiff's trademarks other rights including, without limitation, the Spin Master Mark, or bear any marks that are confusingly similar to the Spin Master Mark pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendant and all persons in active concert and participation with Defaulting Defendant who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendant's Assets from or to Defaulting Defendant's Financial Accounts;

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendant and all persons in active concert and participation with Defaulting Defendant who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

A. providing services to Defaulting Defendant, including, without limitation, those relating to the continued operation of Defendant's Infringing Website;

B. permitting the transfer, sale and/or assignment of Defendant's Infringing Website; and

C.  instructing, aiding or abetting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(1)(L), III(3)(A), and III(4)(A) through III(4)(B) above.

## IV.  Order Transferring Infringing Domain Names

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in order to give practical effect to the permanent injunction granted herein, Defendant's Infringing Domain Name is hereby ordered to be immediately transferred by Defaulting Defendant to Plaintiff. To the extent the Defaulting Defendant does not facilitate the transfer of the Infringing Domain Name to Plaintiff's control within five (5) days of receipt of this Order, the Third Party Service Providers shall, within thirty (30) days of receipt of this Order, change the registrar(s) of record for the Infringing Domain Name to a registrar of Plaintiff's choosing, thereby transferring the Infringing Domain Name to Plaintiff; and

2) IT IS FURTHER ORDERED that should Plaintiff discover any new and/or additional domain names associated with Defaulting Defendant and/or Defendant's Website, and using or incorporating the Spin Master Mark or any colorable imitation thereof ("Additional Infringing Domain Name(s)"), upon Plaintiff's request, the Third Party Service Providers shall, within thirty (30) days of Plaintiff's request, change the registrar(s) of record for the Additional Infringing Domain Name(s) to a registrar of Plaintiff's choosing, thereby transferring the Additional Infringing Domain Name(s) to Plaintiff.

## V.  Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### VI.    <u>Miscellaneous Relief</u>

1)  Any failure by Defaulting Defendant to comply with the terms of this Order shall be deemed in contempt of Court, subjecting Defaulting Defendant to contempt remedies to be determined by the Court, including fines and seizure of property;

2)  The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

3)  This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.


**SO ORDERED.**

SIGNED this __8th__ day of _April_____, 2025, at _____p. __.m.


_____

HON. JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE

6